IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | *Filed in Open Court* |
| ) | 12/5/08 *jlee* |
| Plaintiff, ) | |
| vs. ) | |
| ) | Criminal No. 08-20171-SHM |
| ) | |
| TIMMY KINNER, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

**The full and complete plea is as follows:**

1. The following constitutes the Plea Agreement reached between the United States, represented by Lawrence J. Laurenzi, Acting United States Attorney for the Western District of Tennessee, and CHRISTOPHER E. COTTEN, Assistant United States Attorney, and the defendant, TIMMY KINNER, represented by DAVID M. BELL, Assistant Federal Defender. The parties enter into the following Plea Agreement pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure. It being the intention of the parties that the Court may accept or reject this agreement immediately or after having had an opportunity to review the pre-sentence report, but may not modify the agreement. Except with respect to any non-binding recommendations to be made by the United States, if the Court rejects the agreement either party may withdraw from the agreement.

2. TIMMY KINNER agrees that he will enter a voluntary plea of guilty to Count 1 of the indictment, which charges him with a violation of Title 18 U.S.C. Section 922(g).

3. The United States agrees to dismiss Count 2 of the indictment, which charges the defendant with a violation of Title 21 U.S.C., Section 841(a)(1), at the appropriate time.

4. Given the facts in the possession of the United States at the time of the writing of this agreement, the United States does not oppose the defendant's receiving acceptance of responsibility credit pursuant to U.S.S.G. Section 3E1.1. The defendant understands that if the United States receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to Section 3E1.1 is granted is a matter to be determined by the district court. Failure of the district court to grant acceptance of responsibility credit is not a basis for TIMMY KINNER to withdraw his guilty plea.

5. Defendant understands that Title 18 United States Code, Section 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, defendant knowingly and voluntarily waives his right to appeal his conviction, as well as any sentence imposed by the Court and the manner in which the sentence is determined so long as the sentence is within the statutory maximum specified above. This waiver is made in exchange for the concessions made by the United States in this Plea Agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

6. The defendant understands and agrees that the special assessment is due and payable to the United States District Court office immediately following the defendant's sentencing.

7. TIMMY KINNER agrees that this plea agreement constitutes the entire agreement between himself and the United States and that no threats have been made to induce him to plead guilty. By signing this document, TIMMY KINNER acknowledges that he has read this agreement, has discussed it with his attorney and understands it.

FOR THE UNITED STATES:

LAWRENCE J. LAURENZI
ACTING UNITED STATES ATTORNEY

_____  12/5/2008
CHRISTOPHER E. COTTEN         Date
Assistant United States Attorney
800 Federal Office Building
167 N. Main Street
Memphis, TN 38103

_____  12/5/2008
DAVID M. BELL                 Date
Assistant Federal Defender
Attorney for the Defendant

_____  12/5/2008
TIMMY KINNER                  Date
Defendant