PROB 12C
(7/93)

# United States District Court
## for the
## Western District Of Tennessee

## \* Amended Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Timmy Kinner    Case Number: 2:08CR20171-001

Name of Sentencing Judicial Officer: The Honorable Samuel H. Mays, Jr.

Date of Original Sentence: 5/20/2009

| | | | |
|---|---|---|---|
| Original Offense: | Felon in Possession of a Firearm | | |
| Original Sentence: | Prison - 46 Months; TSR - 36 Months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | Christopher Cotten | Date Supervision Commenced: | 12/2/2011 |
| Defense Attorney: | William Morrow | Date Supervision Expires: | 12/1/2014 |

## PETITIONING THE COURT

[ X ] To issue a warrant.
[    ] To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number    Nature of Noncompliance

1. **The defendant shall not commit another federal, state or local crime. The defendant shall refrain from any unlawful use of a controlled substance.**

   - According to the Affidavit of Complaint, on 12/28/11 at approximately 7:30 p.m. in Memphis, a female named A. Johnson was walking near her residence when she realized that this defendant, who was unknown to her, was following her. The complainant indicated that the defendant pushed her and held her up against a building, whereupon he fondled her breasts and genitalia through her clothing. The victim then reportedly pushed him off of her and ran away. The defendant was located a few minutes later by nearby security officers and then detained briefly by police. The defendant was released at that time after police transported him to his residence. However, after further investigation by Memphis Police, a warrant was issued and the defendant was arrested for this offense on 1/20/12. This case is pending in Shelby County Courts.

   \* - According to the Affidavit of Complaint, on 10/21/12, the defendant, an inmate in the Shelby County Jail, committed Aggravated Assault, in that with a razor, the defendant assaulted and/or attempted to assault another inmate. The defendant was arrested for this on 10/22/12 and this matter is pending before Shelby County General Sessions Court.

   \* - According to the Affidavit of Complaint, on 10/21/12, the defendant, an inmate in the Shelby County Jail, committed Assault-Offensive Contact, in that the defendant touched a female nurse on the buttocks with his hand. The defendant was arrested for this on 11/5/12. On 11/8/12, the defendant pled guilty in Shelby County General Sessions Court and was sentenced to 6 days imprisonment.

2. **The defendant shall not commit another federal, state or local crime. The defendant shall refrain from any unlawful use of a controlled substance.**

   On or about 1/20/12, the defendant used and possessed a controlled substance, as evidenced by the positive test results for marijuana from a specimen collected on 1/20/12.

U.S. Probation Officer Recommendation:

[ X ] The term of supervision should be

    [ X ] revoked.
    [   ] extended for _____ years, for a total term of _____ years.

[   ] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   November 19, 2012

*s/ Edward E. Shaw*

Edward E. Shaw
U.S. Probation Officer

Approved:

s/ Daryl K. Butler                  11/19/2012

Supervising U.S. Probation Officer      Date

THE COURT ORDERS

[   ] No Action
[X] The Issuance of a Warrant
[   ] The Issuance of a Summons
[   ] Other

s/Samuel H. Mays, Jr.
Signature of Judicial Officer

Date: November19, 2012

# VIOLATION WORKSHEET

1. Defendant  Timmy Kinner
2. Docket Number (Year-Sequence-Defendant No.)  2:08CR20171-001

3. District/Office  Western District of Tennessee (Memphis)

4. Original Sentence Date  5/20/2009

*(If different than above):*
5. Original District/Office
6. Original Docket Number (Year-Sequence-Defendant No.)
7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| New arrest: Sexual Battery | B |
| *New arrest: Aggravated Assault | A |
| *New arrest and conviction: Assault - Offensive Contact | C |
| Drug use/possession of marijuana (with prior drug conviction) | B |

8. Most Serious Grade of Violation (see §7B1.1(b)) — A
9. Criminal History Category (see §7B1.4(a))74 — V

10. Range of imprisonment (see §7B1.4(a)) — 30-37 months *

**\*Being originally convicted of a Class C felony, the statutory maximum term of imprisonment is 24 months; 18 U.S.C. §3583(e)(3).**

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

   { }  (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.

   { }  (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.

   **{X}**  (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

**Defendant** Timmy Kinner     Docket 2:08CR20171-001

**12. Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

| | | | |
|---|---|---|---|
| Restitution ($) | n/a | Community Confinement | n/a |
| Fine ($) | n/a | Home Detention | n/a |
| Other | $75.00 balance on Special Assessment | Intermittent Confinement | n/a |

**13. Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: 3 years less length or any imprisonment .

**14. Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

**15. Official Detention Adjustment {see §7B1.3(e)}:** months _____ days _____